UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TIFFANY BARNES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO: 3:12-cv-88 |
| | ) |
| KRISPY KREME | ) |
| DOUGHNUT CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1.  Plaintiff, Tiffany Barnes ("Barnes"), brings this Complaint against Defendant, Krispy Kreme Doughnut Corporation, ("Krispy Kreme"), for its discriminatory actions toward her based on her race, African-American, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., for its discriminatory actions against her based on her race and gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and for retaliating against her for engaging in a protected activity.

**II. Parties**

2.  Barnes is an African-American female who has resided within the State of Indiana at all relevant times hereto.

3. Krispy Kreme is a for-profit corporation who has conducted business within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

### III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Barnes, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Barnes satisfied her obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 470-2011-03246 alleging gender discrimination, race discrimination and retaliation.  Barnes received her Notice of Suit Rights and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this court is proper.

### IV. Factual Allegations

9. Barnes, who is African-American, was hired by Krispy Kreme on or about August 29, 2011.  Barnes held the position of Assistant General Manager until her termination on or about September 14, 2011.

10. At all times relevant, Barnes met Krispy Kreme's legitimate performance expectations.

11. From the outset of her tenure, Barnes was subject to a hostile environment based on her race. Barnes' Caucasian co-workers, Kathleen Weber, Allie (last name unknown) and Ashyton Dill would make comments, on a daily basis, such as:

- Referring to a co-worker's African-American child as a "monkey baby";
- They repeatedly referred to Barnes as "Miss Thang", "Sister Girl" and "monkey";
- Weber made the following statement in reference to Barnes, "I don't have to take anything from that monkey, Sister Girl can have it."; and,
- A Caucasian employee named Carrie _____ stated, "That black bitch makes me sick."

12. Barnes engaged in a protected activity and reported the racially discriminatory comments to Richard Sollars ("Sollars"), Assistant General Manager, and Mike King ("King"), Store Manager.

13. Sollars stated that he did not want to be involved and that he would be terminated if he tried to do anything about it. King was equally dismissive of Barnes' complaints. He would state that the employees did not mean anything by their comments and he refused to investigate Barnes' complaints.

14. On or about September 10, 2011, Barnes complained about the racial comments to Krispy Kreme's District Manager, Michael Schurm, to no avail.

15. Barnes then complained about the racial comments to Krispy Kreme's Regional Human Resources Manager, Joseph Wynn. Again, to no avail.

16. Barnes was also subjected to discriminatory comments regarding her gender by King and Sollars. For example, Weber quit her employment, King instructed Barnes to "kiss her ass" to get her to come back to work and apologize to Weber. When Barnes complied, King stated, "Now that is a good girl."

17. The gender based discriminatory comments did not stop there. Sollars stated, "Woman should not be in management." On another occasion, Barnes was upset due the hostile work environment-racial comments and was crying. Sollars stated, "Quit whining like a little girl, this is why women don't belong in management."

18. On or about September 14, 2011, Barnes was terminated from her employment for allegedly being late to work. Barnes was discriminated against based on her race and gender and retaliated against for engaging in a protected activity.

## V.  Causes of Action

### Count I.  Section 1981 - Race Discrimination Claim

19. Barnes hereby incorporates by reference paragraphs one (1) through eighteen (18).

20. Barnes was subjected to a hostile work environment and terminated from her employment on the basis of her race, African-American.

21. Defendant's actions were in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

22. Defendant's actions were willful, intentional, and done with reckless disregard of Barnes' civil rights.

23. Barnes has suffered injury as a result of Defendant's unlawful actions.

### Count II.  Title VII - Race Discrimination Claim

24. Barnes hereby incorporates by reference paragraphs one (1) through twenty-three (23).

25. Barnes was subjected to a hostile work environment and terminated from her employment on the basis of her race, African-American.

26. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

27. Defendant's actions were willful, intentional, and done with reckless disregard for Barnes' civil rights.

28. Barnes has suffered injury as a result of Defendant's unlawful actions.

### COUNT III: RETALIATION

29. Barnes hereby incorporates paragraphs one (1) through twenty-eight (28).

30. Barnes engaged in a protected activity when she complained of racial harassment.

31. The Defendant retaliated against Barnes and terminated her employment.

32. The Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

33. The Defendant's actions were willful, intentional, and done with reckless disregard of Barnes' civil rights.

34. Barnes suffered damages as a result of the Defendant's unlawful actions.

### Count IV.  Title VII - Gender Discrimination Claim

35. Barnes hereby incorporates by reference paragraphs one (1) through thirty-four (34).

36. Barnes was subjected to a hostile work environment and terminated from her employment on the basis of her gender.

37. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

38. Defendant's actions were willful, intentional, and done with reckless disregard for Barnes' civil rights.

39. Barnes has suffered injury as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Tiffany Barnes, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race and gender;

2. Reinstate the Plaintiff to her former position or award front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Grant such other relief as may be just and proper.

> Respectfully submitted,
>
> \_s/Kyle F. Biesecker_____
> Kyle F. Biesecker, Attorney No. 24095-49
> BIESECKER DUTKANYCH & MACER, LLC
> 411 Main Street
> Evansville, Indiana  47708
> Telephone:   (812) 424-1001
> Facsimile:    (812) 424-1005
> E-Mail:         kfb@bdlegal.com
>
> Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Tiffany Barnes, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

> Respectfully submitted,
>
> \_s/Kyle F. Biesecker_____
> Kyle F. Biesecker, Attorney No. 24095-49
> BIESECKER DUTKANYCH & MACER, LLC
> 411 Main Street
> Evansville, Indiana  47708
> Telephone:   (812) 424-1001
> Facsimile:    (812) 424-1005
> E-Mail:         kfb@bdlegal.com
>
> Attorneys for Plaintiff